IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YEKITA DIGGS,<br><br>　　Plaintiff,<br><br>vs.<br><br>CITY OF BELLEVILLE, STOOKEY TOWNSHIP, U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and BELLEVILLE POLICE DEPARTMENT,<br><br>　　Defendants. | Case No. 3:24-cv-1768-DWD |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is the U.S. Department of Housing and Urban Development's ("HUD") Motion to Dismiss (Doc. 12) and the Motions to Strike Plaintiff's Motion to Order a Preliminary Injunction Barring Interference and Harassment of Stookey Township, the City of Belleville, and the Belleville Police Department (Docs. 8 & 16). Plaintiff did not respond to the Motions. As explained below, HUD's Motion to Dismiss is **GRANTED in part** and **DENIED in part**. The Motions to Strike Plaintiff's Motion to Order a Preliminary Injunction Barring Interference and Harassment of Stookey Township, the City of Belleville, and the Belleville Police Department are **GRANTED**.

### I. BACKGROUND

On June 27, 2024, Plaintiff filed a *pro se* Motion for a Preliminary Injunction Barring Interference and Harassment against Defendants in the Twentieth Judicial Circuit Court of St. Clair County, Illinois, alleging Defendants interfered with her private possession

and enjoyment of two separate properties by changing the locks to the doors on the properties, issuing invalid citations, commencing unwarranted visits by law enforcement, issuing "a false and slanderous news article," and "cut[ting] off the water supply at both properties." (Doc. 1-1, pgs. 1-3). On July 10, 2024, Plaintiff filed a Petition to Order an *Ex Parte* Emergency Restraining Order Barring Interference and Harassment, wherein she made substantially the same allegations as in her prior Motion. (Doc. 1-1, pgs. 49-52). The Twentieth Judicial Circuit Court of St. Clair County declined to hear the matter on an *ex parte* basis, reasoning that the Petition was unverified and did not contain "any allegations or specific facts showing that immediate and irreparable harm would result before notice c[ould] be served and a hearing had thereon." (Doc. 1-1, pgs. 53-54).

On July 23, 2024, the United States of America, on behalf of HUD, removed the case under 28 U.S.C. § 1442(a)(1).[1] (Docs. 1, pgs. 1-2). Thereafter, Defendants filed the various Motions now pending on the docket. (Docs. 8, 12, 16). Despite the Court's multiple reminders of the applicable response deadlines, Plaintiff did not respond to the Motions. (Docs. 9, 11, 15). Indeed, aside from a Petition for a Continuance that was filed on August 22, 2024, and which was denied by the Court on October 4, 2024, Plaintiff has not filed anything in this action since its removal on July 23, 2024. (Docs. 1, 13, 15). In light of this background, Defendants' pending Motions are now ripe for the Court's resolution.

---

[1] Section 1442(a)(1) states: "A civil action…commenced in a State court…against…any of the following may be removed…to the district court of the United States for the district and division embracing the place wherein it is pending…The United States or any agency thereof." 28 U.S.C. § 1442(a)(1).

## II. HUD'S MOTION TO DISMISS (DOC. 12)

In its Motion to Dismiss, which is filed under Federal Rule of Civil Procedure 12(b)(1) and (6), HUD seeks a dismissal of the action on three independent bases. (Doc. 12, pg. 2). First, under the derivative jurisdiction doctrine, HUD argues the Court is barred from hearing Plaintiff's claims because the Twentieth Judicial Circuit Court of St. Clair County was without jurisdiction as an initial matter. (Doc. 12, pgs. 2-7). Since that state court lacked jurisdiction to hear the claims, HUD argues this Court did not acquire jurisdiction after HUD's removal. (Doc. 12, pg. 8). HUD explains, unlike § 1441, Congress has not abrogated the derivative jurisdiction doctrine for purposes of § 1442(a)(1), which was the basis for removal in this case. (Doc. 12, pgs. 8-9). An application of that doctrine, in HUD's view, will encourage litigants to file their lawsuits against federal defendants in federal court, incentivize the payment of filing fees to federal courts, and promote the interest of judicial economy between state and federal courts. (Doc. 12, pg. 9).

Second, HUD argues the state court and, by extension, this Court, lacked jurisdiction because HUD has not consented to the lawsuit and Plaintiff has not met her burden of demonstrating a waiver of sovereign immunity. (Doc. 12, pgs. 2, 8-9).

Third, HUD argues Plaintiff failed to state a claim to relief because, without any factual support, she only makes "a conclusory statement that HUD directed the other defendants to harass her by turning off water and changing locks." (Doc. 12, pgs. 2, 10). For these reasons, HUD seeks a dismissal of the case without prejudice. (Doc. 12, pg. 10).

Now, under Rule 12(b)(1) and (6), "a party may assert the following defenses by motion…lack of subject-matter jurisdiction…[and] failure to state a claim upon which

relief can be granted." Fed. R. Civ. P. 12(b)(1), (6). A motion under Rule 12(b)(6) tests the sufficiency of the pleading but not its merits, so the plaintiff must allege enough facts to state a facially plausible claim. *Kloss v. Acuant, Inc.*, 462 F. Supp. 3d 873, 876 (7th Cir. 2020) (quoting *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 878 (7th Cir. 2012)); *Fosnight v. Jones*, 41 F.4th 916, 921-22 (7th Cir. 2022) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means enough facts are pled to reasonably infer liability. *Fosnight*, 41 F.4th at 922 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A pleading need not allege "detailed factual allegations," but it must state enough facts to lift the claim above the speculative level. *Kloss*, 462 F. Supp. 3d at 876 (citing *Twombly*, 550 U.S. at 555).

Now, when filing a lawsuit against the United States or its agencies, a plaintiff must show the United States waived its sovereign immunity to the claims. *Maudlin v. Fed. Emergency Mgmt. Agency*, 138 F. Supp. 3d 994, 997 (S.D. Ind. 2015) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). Such a waiver "must be unequivocally expressed" because it " 'is a jurisdictional prerequisite in the nature of…subject matter jurisdiction.' " *Edwards v. U.S. Dep't. of Justice*, 43 F.3d 312, 317 (7th Cir. 1994) (citing *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980); quoting *J.C. Driskill, Inc. v. Abdnor*, 901 F.2d 383, 385 n. 4 (4th Cir. 19990)). Accordingly, to maintain claims against the United States, a plaintiff must identify a statute conferring subject matter jurisdiction *and* a federal law waiving the sovereign immunity of the United States. *Macklin v. U.S.*, 300 F.3d 814, 819 (7th Cir. 2002) (citing *Harrell v. U.S.*, 13 F.3d 232, 234 (7th Cir. 1993); *Arford v. U.S.*, 934 F.2d 229, 231 (9th Cir. 1991)). The plaintiff's failure to satisfy either requirement mandates a dismissal. *Id.*

Further, the derivative jurisdiction doctrine "provides that 'if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there.' " *Ricci v. Salzman*, 976 F.3d 768, 771 (7th Cir. 2020) (quoting *Arizona v. Manypenny*, 451 U.S. 232, 242 n. 17 (1981)). The Seventh Circuit has clarified that doctrine " 'is best understood as a procedural bar to the exercise of federal judicial power.' " *Id.* (quoting *Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011)). In other words, the derivative jurisdiction doctrine " 'creates a procedural defect in removal, but is not an essential ingredient to federal subject matter jurisdiction.' " *Id.* (quoting *Rodas*, 656 F.3d at 619).

Critically, Congress has abrogated the derivative jurisdiction doctrine with respect to the general removal statute, § 1441, but not the federal officer removal statute, § 1442, the latter of which was the basis for the removal in this case. *See id.* at 772-73 (quoting 28 U.S.C. § 1441(f); *Rodas*, 656 F.3d at 616; *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014)). And, equally critical, when a derivative jurisdiction issue is timely raised, the associated defect in removal cannot be cured by simply filing a new complaint. *See id.* at 772-73. Indeed, "[w]hen the derivative jurisdiction doctrine is timely raised…it properly results in dismissal without prejudice" because that doctrine "erects a mandatory bar to the court's exercise of federal jurisdiction, and a plaintiff cannot circumvent that bar merely by filing an amended complaint invoking federal jurisdiction." *Id.* at 773.

Here, Plaintiff's Motion to Order a Preliminary Injunction Barring Interference and Harassment, which is her only substantive document of record due to her failure to respond to the Motion to Dismiss, fails to satisfy the requirements for maintaining claims

5

against the United States. *See Maudlin*, 138 F. Supp. 3d at 997; *Edwards*, 43 F.3d at 317; *Macklin*, 300 F.3d at 819; *see also Echemendia v. Gene B. Glick Mgmt Corp.*, No. 5-cv-53, 2005 WL 8169549, *2-4 (N.D. Ind. Oct. 25, 2005) (discussing HUD's sovereign immunity and finding a lack of subject matter jurisdiction over claims because the United States, *i.e.*, HUD, had not waived sovereign immunity to constitutional claims for damages); *U.S. v. Rural Elec. Convenience Co-op. Co.*, 922 F.2d 429, 434 (7th Cir. 1991) ("The overarching principle we glean from the Supreme Court's sovereign immunity jurisprudence is that the jurisdictional bar operates when a suit threatens to impose upon the United States liability for money or property damages or…injunctive relief."); (Doc. 1-1, pgs. 1-3). For this reason, both the Twentieth Judicial Circuit Court of St. Clair County and, by extension, this Court after the removal under § 1442(a)(1), lacked jurisdiction due to HUD's nonwaiver of sovereign immunity and the derivative jurisdiction doctrine. Since these arguments are dispositive, the Court need not address HUD's third argument.

Accordingly, the Motion to Dismiss is **GRANTED in part** and **DENIED in part**. All claims against HUD are **DISMISSED without prejudice**.[2] *See Hallquist v. Johnson*, No. 22-cv-82, 2022 WL 816577, *1-2 (E.D. Wisc. March 17, 2022) (granting motion to dismiss and ordering dismissal of the action, without prejudice, where case was removed under § 1442(a)(1) and sovereign immunity was not waived, so the state and federal courts lacked jurisdiction due to the derivative jurisdiction doctrine); *Ervin v. Ervin*, No. 22-cv-2021, 2022 WL 2802319, *1, 3 (N.D. Ill. July 18, 2022) (same); *Anderson v. Alvarez*, No. 21-

---

[2] The Motion to Dismiss is denied to the extent it seeks a dismissal of the action. (Doc. 12, pg. 10).

cv-170, 2021 WL 5041227, *2 (N.D. Ind. Oct. 29, 2021) (same); *Anderson v. Kramer*, No. 21-cv-218, 2021 WL 5041229, *2 (N.D. Ind. Oct. 29, 2021) (same); *Henry v. U.S.*, No. 22-cv-1091, 2022 WL 18401267, *1-2 (N.D. Ill. April 19, 2022) (same but on reconsideration).

### III. STOOKEY TOWNSHIP, CITY OF BELLEVILLE, AND BELLEVILLE POLICE DEPARTMENT'S MOTIONS TO STRIKE (DOCS. 8 & 16).

For their part, Stookey Township, the City of Belleville, and the Belleville Police Department argue in their Motions to Strike Plaintiff's Motion to Order a Preliminary Injunction Barring Interference and Harassment, *inter alia*, that it is unclear which allegations are made against which Defendant. (Doc. 8, pg. 2). The Motions to Strike also note Plaintiff has not filed a complaint, as necessary to commence an action under Federal Rule of Civil Procedure 3. (Docs. 8, pgs. 2-3; 16, pgs. 3-4). Therefore, until Plaintiff files a complaint under Rule 3, the Motions to Strike argue it is premature for the case to move forward or for the Court to award injunctive relief. (Docs. 8, pgs. 2-3; 16, pgs. 3-4).

Here, the Court agrees with the positions of Stookey Township, the City of Belleville, and the Belleville Police Department in the Motions to Strike Plaintiff's Motion to Order a Preliminary Injunction Barring Interference and Harassment. Under Rule 3, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. And, now that the case is in federal court as a result of HUD's removal under § 1442(a)(1) and Plaintiff's decision not to file a motion to remand, the federal rules of civil procedure apply. *See Racener v. Overstreet*, No. 20-cv-1075, 2020 WL 8458679, *2-3 (S.D. Ill. Oct. 28, 2020) (citing Fed. R. Civ. P. 81(c)(1) ("These [Federal] rules apply to a civil action after it is removed from a state court.")). Therefore, to properly address the issues raised by

Plaintiff under the correct standards and procedural posture, she must file a complaint before any motion for a preliminary injunction. *See id.*; Fed. Rs. Civ. P. 3, 81(c)(1); *see also Starbucks Corp. v. McKinney*, 144 S. Ct. 1570, 1576 (2024) (noting the purpose of a preliminary injunction " 'is merely to preserve the relative positions of the parties until a trial on the merits can be held' "). For this reason, the Motions to Strike Plaintiff's Motion to Order a Preliminary Injunction Barring Interference and Harassment filed by Stookey Township, the City of Belleville, and the Belleville Police Department are **GRANTED**. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter. The court may act…on its own; or…on motion made by a party…before responding to the pleading."). Plaintiff's Motion to Order a Preliminary Injunction Barring Interference and Harassment (Doc. 1-1, pgs. 1-3) is **STRICKEN**. Plaintiff is **DIRECTED** to file a complaint, which must properly invoke the Court's subject matter jurisdiction and state valid claims, within 30 days. Finally, Plaintiff is **WARNED** that the failure to timely file the complaint may result in a dismissal for want of prosecution. *See* Fed. R. Civ. P. 41(b).

### III. CONCLUSION

HUD's Motion to Dismiss is **GRANTED in part** and **DENIED in part**. All claims against HUD are **DISMISSED without prejudice**. The Motions to Strike Plaintiff's Motion to Order a Preliminary Injunction Barring Interference and Harassment of Stookey Township, the City of Belleville, and the Belleville Police Department are **GRANTED**. The Motion to Order a Preliminary Injunction Barring Interference and Harassment (Doc. 1-1, pgs. 1-3) is **STRICKEN**. Plaintiff is **DIRECTED** to file a complaint,

which must properly invoke the Court's subject matter jurisdiction and state valid claims, within 30 days. Plaintiff is **WARNED** that the failure to timely file the complaint may result in a dismissal for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: November 25, 2024

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge